## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Todd A. Schroeder, | Case No.: _____ |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMPLAINT** |
| Electrical Workers Local No. 292 Defined Contribution and 401(k) Plan and New York Life Investment Management LLC, | |
| Defendants. | |

For his Complaint in the above-referenced matter, Plaintiff Todd A. Schroeder states and alleges as follows:

## THE PARTIES

1.    Plaintiff, Todd Alan Schroeder (hereinafter "Schroeder") is a Minnesota resident residing at 12520 Ibis Street in the City of Coon Rapids, County of Anoka, State of Minnesota.

2.    The Electrical Workers Local No. 292 Defined Contribution and 401(k) Plan is a defined contribution pension plan (hereinafter "Plan") under the terms of the Employment Retirement Income Security Act of 1974 (hereinafter "ERISA"), § 3(2)(A), 29 U.S.C. § 1002(2)(A).  As a participant of the Plan, Schroeder has benefits payable to him based on his vested account balance at the time he is eligible for and requests a plan distribution.  The Plan is administered by

1

a Board of Trustees located at the IBEW Local Union No. 292 Fund Office, Suite

425, 6900 Wedgewood Road North, Maple Grove, MN 55311.

3.      New York Life Investment Management, LLC (hereinafter

"NYLIM") is a foreign corporation with its corporate headquarters located at 51

Madison Avenue, New York, New York, 10010.  NYLIM is an indirect, wholly-

owned subsidiary of New York Life Insurance Company.  NYLIM is an

institutional investment management firm that serves other businesses with a

variety of bundled defined contribution and defined benefit products, among other

guaranteed products.  One of the divisions of NYLIM is New York Life

Retirement Plan Services, which is a provider of retirement plans for corporations,

multi-employer trusts, and individuals.  For all purposes set forth herein, NYLIM

is the Plan's designee and plan fiduciary and it has fiduciary duties to both the Plan

and to the participants of said Plan as it makes the decisions to access plan assets.

4.      Schroeder is a current participant of the Plan and he has been a

participant of the Plan since approximately 1991 or for approximately 19 years.

As a participant of the Plan, Schroeder has vested benefits under the Plan based on

his vested account balance.

## GOVERNING LAW, JURISDICTION AND VENUE

5.      This complaint arises under the Employee Retirement Income

Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA")

6.     This Court has jurisdiction over the complaint pursuant to the jurisdictional provision of ERISA, 29 U.S.C. §1132(e)(1), and federal question jurisdiction under 28 U.S.C. §1331.

7.     Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) because this is the district where the Plan is located, where the breach of ERISA took place, and where one of the defendants can be found.

## FACTUAL ALLEGATIONS

8.     Schroeder is a current participant of the Plan and he has been a participant of the Plan since approximately 1991 or for approximately 19 years. As a participant of the Plan, Schroeder has vested benefits under the Plan based on his vested account balance.

9.     During the period of participation, Schroeder obtained a dissolution of his marriage from his spouse.  As part of that marriage dissolution, Schroeder's ex-spouse was awarded an interest in Schroeder's benefits from the Plan.

10.     On or about August 12, 2008, a Qualified Domestic Relations Order (hereinafter "QDRO") was signed by Anoka County Judge Lawrence R. Johnson. As a part of that QDRO, Schroeder's ex-spouse was named the Alternate Payee and she was awarded 50% of Schroeder's vested account under the Plan determined as of June 29, 2007, adjusted for any investment gains and losses in

accordance with the provisions of the Plan for the period between the date of

participation and the date of distribution.

11.    As of June 29, 2007, Schroeder had a value in the Plan of

approximately $164,096.47.  Pursuant to the terms of the QDRO, Schroeder and

his ex-spouse should have each been awarded 50% or $82,048.23 as of June 29,

2007.  Pursuant to the terms of the QDRO, that amount should have been adjusted

for any gains or losses that accrued from June 29, 2007 up until the date of

distribution to the Alternate Payee.

12.    On or about November 17, 2008, the Plan, at the direction of NYLIM,

transferred $82,048.23 to Schroeder's ex-spouse, leaving Schroeder with only

$43,174.36 despite the fact that Schroeder had post-June 29, 2007 contributions of

nearly $11,000.00.  The Plan and NYLIM failed to adjust the 50% award to

Schroeder's ex-wife to include the gains or losses that accrued after June 29, 2007.

This error by the Plan and NYLIM meant that Schroeder bore all of the losses of

the account from June 29, 2007 to the date of distribution on November 17, 2008.

The QDRO provided that the Alternate Payee was to bear losses on her share from

June 29, 2007.

13.    Had the Plan and NYLIM properly accounted for the gains and losses

that accrued after June 29, 2007, the award to Schroeder's ex-wife would have

been approximately $57,134.28 rather than $82,048.23, a difference of $24,913.95.

14. The failure of the Plan and NYLIM to properly account for gains and losses have resulted in a loss of benefits to Schroeder and a loss to the Plan in the amount of $24,913.95, not including the investment gains and losses that would have accrued on that money. Additionally, tax deferred gains and losses from November 17, 2008 to the present are a part of Schroeder's loss of benefits.

15. Schroeder's retirement benefits are now less than the accrued benefit to which he is legally entitled.

16. Schroeder has exhausted all of his administrative remedies available to him.

## COUNT I

### CLAIM FOR BENEFITS DUE UNDER AN ERISA PLAN

### PURSUANT TO 29 U.S.C. §1132 (a)(1)(B)

17. Schroeder realleges and incorporates paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. The Plan and NYLIM both have certain responsibilities, obligations, and duties to Schroeder as a participant of the Plan.

19. That on or about November 17, 2008, the Plan, at the direction of NYLIM, transferred out of Schroeder's account and to Schroeder's ex-spouse, approximately $24,913.95 more than it should have transferred, thus breaching its obligations and duties to Schroeder.

20.    As a result of the wrongful transfer, Schroeder has lost benefits that rightly belong to him.

21.    The Plan, and NYLIM, are both liable to Schroeder for the loss of benefits.

22.    The loss of benefits are in the amount of $24,913.95, not including the investment gains and/or losses that would have accrued on that money from November 17, 2008, the date of the wrongful transfer of funds.  Additionally, the gains or losses run from November 17, 2008 until the funds are corrected and put back into Schroeder's account and should be based on his account's investment mix from then until corrected.

## COUNT II

### LOSS TO PLAN UNDER ERISA PURSUANT TO 29 U.S.C. §1132 (a)(1)(B)

23.    Schroeder realleges and incorporates paragraphs 1 through 15 of the Complaint as if fully set forth herein.

24.    NYLIM has certain responsibilities, obligations, and duties to both the Plan and to Schroeder as a participant of the Plan.

25.    That on or about November 17, 2008, the Plan, at the direction of NYLIM, transferred out of Schroeder's account and to Schroeder's ex-spouse, approximately $24,913.95 more than it should have transferred.

26. Based on information and belief, Schroeder's ex-spouse is not a participant of the Plan as she does not work for a Contributing Employer and based on information and belief, she has withdrawn all of the funds transferred to her.

27. The removal of these additional funds that rightly belong in the Plan have resulted in a loss to the Plan in the amount of $24,913.95, adjusted for any gains and/or losses that would have accrued since November 17, 2008.

## COUNT III

### CLAIM FOR EQUITABLE ENFORCEMENT UNDER AN ERISA PLAN PURSUANT TO 29 U.S.C. §1132 (a)(3)

28. Schroeder realleges and incorporates paragraphs 1 through 22 of the Complaint as if fully set forth herein.

29. The Plan and NYLIM both have certain responsibilities, obligations, and duties to Schroeder as a participant of the Plan. NYLIM has certain responsibilities, obligations, and duties to both Schroeder as a participant of the Plan and to the Plan itself.

30. That on or about November 17, 2008, the Plan, at the direction of NYLIM, transferred out of Schroeder's account and to Schroeder's ex-spouse, approximately $24,913.95 more than it should have transferred, thus breaching its obligations and duties to Schroeder.

31.   As a result of the wrongful transfer, Schroeder has lost benefits that rightly belong to him.

32.   NYLIM has breached its fiduciary duties to both Schroeder and to the Plan by its participation in directing, authorizing, and/or making an erroneous payment that was not authorized by Schroeder, the Plan or the terms of the QDRO.

33.   The Plan has breached its fiduciary duties to Schroeder by its participation in directing, authorizing, and/or making an erroneous payment that was not authorized by Schroeder or the terms of the QDRO.

34.   That the actions and practices of the Plan and NYLIM have violated ERISA and the Plans own terms.

35.   The loss of benefits are in the amount of $24,913.95, not including the investment gains and/or losses that would have accrued on that money from November 17, 2008, the date of the wrongful transfer of funds.  Additionally, the gains or losses run from November 17, 2008 until the funds are corrected and put back into Schroeder's account and should be based on his account's investment mix from then until corrected.

**WHEREFORE,** Plaintiff prays for the following relief:

1.   An accounting of the earnings and losses beginning June 29, 2007, with a reconciliation of Schroeder's benefit account as of November 17, 2008 and at the present.

2.    Judgment in favor of Plaintiff and against Defendants in the amount of $24,913.95, to be adjusted for any gains and/or losses that would have accrued on that amount since November 17, 2008.

3.    Awarding Plaintiff his costs, attorney's fees, and disbursements in this action pursuant to 29 U.S.C. Section 1132(g).

4.    Awarding such other relief as the Court deems just, fair and equitable.

**BREVIK LAW**

Dated:  November 17, 2010

Christopher E. Brevik
Minnesota Attorney I.D. #256882
120 Anoka Office Center
2150 Third Avenue
Anoka, MN  55303
(763) 427-7400
**Attorney for Plaintiff**